# The Dolan Company

### RESOLUTIONS ADOPTED
### BY THE BOARD OF DIRECTORS

**At a telephonic meeting held on March 21, 2014, the Board of Directors of The Dolan Company took the following actions and adopted the following resolutions pursuant to the bylaws of The Dolan Company and Section 141(i) of the General Corporation Law of the State of Delaware:**

      **WHEREAS**, the board of directors (the "Board of Directors") of The Dolan Company (the "Company") reviewed the materials presented by the management and the advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's businesses, creditors, and other parties in interest;

      **WHEREAS**, the Board of Directors has had the opportunity to consult with the Company's management team and the financial and legal advisors and fully consider each of the strategic alternatives available to the Company;

      **WHEREAS**, pursuant to the direction of the Board of Directors, the Company's management and advisors engaged in good-faith negotiations with the Company's senior secured lenders over the terms of a comprehensive restructuring support agreement (the "Restructuring Support Agreement");

      **WHEREAS**, the Board of Directors, based on its business judgment and acting in the best interests of the Company, its creditors, and other parties in interest, entered into the Restructuring Support Agreement with those certain participating lenders to such Restructuring Support Agreement;

      **WHEREAS**, pursuant to the direction of the Board of Directors, the Company's management and advisors engaged in good-faith negotiations with the Company's senior secured lenders over the terms of the *Debtors' Joint Prepackaged Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (the "Prepackaged Plan");

      **WHEREAS**, the Board of Directors, based on its business judgment and acting in the best interests of the Company, its creditors, and other parties in interest, approved the Prepackaged Plan and disclosure statement related thereto for solicitation of votes from the holders of the claims entitled to vote on the Prepackaged Plan (the "Claims Holders") and for filing with the United States Bankruptcy Court for the District of Delaware, if and when appropriate;

      **WHEREAS**, pursuant to the Restructuring Support Agreement and the Plan and the restructuring transactions contemplated therein, a separation and general release agreement has been entered into by the Company and James P.

Dolan, which provides that Mr. Dolan will resign from his positions with the Company prior to commencing the chapter 11 cases;

**WHEREAS**, pursuant to the Restructuring Support Agreement and the Plan and the restructuring transactions contemplated therein, a separation and general release agreement has been entered into by the Company and Scott J. Pollei, which provides that Mr. Pollei will resign from his positions with the Company prior to commencing the chapter 11 cases;

**WHEREAS**, the Board of Directors, based on its business judgment and acting in the best interests of the Company, its creditors, and other parties in interests, has retained the services of Kevin Nystrom as its Chief Restructuring Officer;

**WHEREAS**, the Claims Holders that voted have unanimously approved the Prepackaged Plan;

**WHEREAS**, the Company proposes to enter into that certain Senior Secured Super Priority Debtor-in-Possession Credit Agreement (as amended, supplemented, restated, or otherwise modified from time to time, the "DIP Loan Agreement") with the lenders set forth therein (the "Lenders") and Bayside Capital, Inc., as Administrative Agent (the "Administrative Agent"); and

**WHEREAS**, the Company will obtain benefits of the obligations under the DIP Loan Agreement.

**I.    Voluntary Petition under the Provisions of Chapter 11 of the United States Bankruptcy Code**

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board of Directors of the Company, it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"); and

**RESOLVED**, that the officers of the Company (the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists, motions, applications, pleadings, and other papers or documents as necessary to commence the chapter 11 case and obtain chapter 11 relief, and to take any and all further acts and deeds that they deem necessary, proper, and desirable in connection with the chapter 11 case, with a view to the successful prosecution of such chapter 11 case;

KE 30074084

## II. Retention of Professionals

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP;

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Pachulski Stang Ziehl & Jones LLP as local bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Pachulski Stang Ziehl & Jones LLP;

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Faegre Baker Daniels LLP as special corporate counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Faegre Baker Daniels LLP;

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Peter J. Solomon Company as financial advisor and investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Peter J. Solomon Company;

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Kurtzman Carson Consultants, LLC as noticing, claims, and balloting agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the

Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Kurtzman Carson Consultants, LLC;

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Deloitte Tax LLP as tax services provider to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Deloitte Tax LLP;

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ Zolfo Cooper LLC, to continue to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, and in connection therewith the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed appropriate applications for authority to retain the services of Zolfo Cooper LLC;

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

III. **Senior Secured Super Priority Debtor-In-Possession Credit Agreement**

**RESOLVED**, that the form, terms and provisions of the DIP Loan Agreement and each of the other Loan Documents (as defined below), and the Company's incurrence and performance of its obligations under the DIP Loan Agreement and each of the other Loan Documents (as defined below), including any borrowings thereunder and the consummation of the transactions contemplated thereby, be, and hereby are, in all respects, authorized and approved; and further resolved, that each of the Authorized Officers, including, but not limited to, the Company's chief executive officer, chief operating officer, chief financial officer, president, chief restructuring officer, vice president, general counsel, treasurer, assistant treasurer, secretary, assistant secretary and any other person so designated by the Board of Directors or chief executive officer or the president of the Company, acting alone or with one or more Authorized Officers be, and hereby is, authorized and empowered to execute and deliver, and to cause the Company to incur and perform its obligations under, the

DIP Loan Agreement and each of the instruments and documents listed below and all other agreements, documents and instruments contemplated by any of the foregoing or requested by the Administrative Agent in connection with any of the foregoing (together with the DIP Loan Agreement, the "Loan Documents"), and each of the documents and instruments contemplated thereby, in the name and on behalf of the Company under its seal or otherwise, substantially in the forms presented to the Board of Directors, with such changes therein and modifications and amendments thereto as any Authorized Officer may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof:

(a)     the Notes, if any;

(b)     the Security Agreement;

(c)     the DIP Orders;

(d)     such other security agreements, pledge agreements, deeds of trust, mortgages, notices, financing statements, tax affidavits, and other instruments as the Administrative Agent may reasonably request or as may be necessary or appropriate to create, preserve and perfect the Liens purported to be required pursuant to the Loan Documents to be created in the Collateral as collateral security for the payment of obligations, advances, debts or liabilities related to the Company's obligations;

(e)     such agreements with third parties (including, without limitation, bank agency agreements, motor vehicle perfection agreements, lockbox agreements, blocked account agreements, control agreements, landlord agreements and warehouse letters) relating to the Collateral;

(f)     the Loan Documents (as defined in the DIP Loan Agreement); and

(g)     such other documents, agreements, instruments, certificates, notices, assignments and documents as may be reasonably requested by the Administrative Agent or required by the DIP Loan Agreement or any other Loan Documents.

**RESOLVED**, that the Company will receive value and obtain benefits from the incurrence of the Loans by the Borrower and the other obligations under the DIP Loan Agreement and the Loan Documents which are necessary and convenient to the conduct, promotion and attainment of the business of the Company;.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered, in the name and on behalf of the Company, to grant a security interest in all of the Company's assets pursuant to the terms of the Loan Documents, including, without limitation, a pledge of all of the equity interests now owned or hereafter acquired by the Company to the Administrative Agent,

and all personal and real property of the Company now owned or hereafter acquired by the Company, and the Administrative Agent is authorized to file or record financing statements and other filing or recording documents or instruments with respect to the Collateral without the signature of the Company in such form and in such offices as the Administrative Agent or any Authorized Officer determines appropriate or necessary to perfect the perfection of the security interests of the Administrative Agent under the DIP Loan Agreement and the other Loan Documents.  Without limiting the generality of the foregoing, the Administrative Agent is expressly authorized to use a collateral description that encompasses "all assets" or "all personal property" of the Company, wheresoever located, whether now owned and existing or hereafter acquired, together with all proceeds thereof or any similar all assets description in any such financing statements or other filing or recording documents or instruments.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses in accordance with the terms of the Loan Documents, to arrange for and enter into supplemental agreements, amendments, instruments, certificates or documents relating to the transactions contemplated by the DIP Loan Agreement or any of the other Loan Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates or documents in the name and on behalf of the Company, which shall in their sole judgment be necessary, proper or advisable in order to perform the Company's obligations under or in connection with the DIP Loan Agreement or any of the other Loan Documents and the transactions contemplated therein, and which necessity and advisability shall be conclusively evidenced by such Authorized Officer's execution thereof, to carry out fully the intent of the foregoing resolutions.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, amendment and restatements, supplements, modifications, renewals, extensions, replacements, consolidations, substitutions and extensions of the DIP Loan Agreement and any of the Loan Documents which shall in their sole judgment be necessary, proper or advisable.

**RESOLVED**, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Loan Agreement and any of the other Loan Documents be, and hereby are, in all respects confirmed, approved and ratified.

**RESOLVED**, that the capitalized terms used in the resolutions under the caption "SENIOR SECURED SUPER PRIORITY DEBTOR-IN-POSSESSION CREDIT AGREEMENT" and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Loan Agreement.

**IV.     Further Actions and Prior Actions**

**RESOLVED**, that James P. Dolan and Scott J. Pollei are hereby removed as directors and officers of the following wholly owned subsidiaries of the Company:

Dolan Media Holding Company
Daily Reporter Publishing Company
Finance and Commerce, Inc.
Dolan Publishing Company
Daily Journal of Commerce, Inc.

**RESOLVED**, that Kevin Nystrom and Vicki J. Duncomb are hereby elected as members of the boards of directors of the following wholly owned subsidiaries of the Company, until the earlier of death, resignation or removal or until a successor is duly elected and qualified, effective as of the date first written above:

Dolan Media Holding Company
Daily Reporter Publishing Company
Finance and Commerce, Inc.
Dolan Publishing Company
Daily Journal of Commerce, Inc.

**RESOLVED**, that Kevin Nystrom is hereby appointed Chief Restructuring Officer and authorized signatory of the following wholly owned subsidiaries of the Company:

Dolan Media Holding Company
Daily Reporter Publishing Company
Finance and Commerce, Inc.
Dolan Publishing Company
Daily Journal of Commerce, Inc.
Counsel Press, LLC
Dolan APC LLC
Legislative Information Services of America, LLC

**RESOLVED**, that Vicki J. Duncomb is hereby appointed Chief Financial Officer and authorized signatory of the following subsidiaries of the Company:

Daily Reporter Publishing Company
Dolan Publishing Company
Daily Journal of Commerce, Inc.
discoverReady, LLC
Dolan DLN LLC

**RESOLVED**, that Vicki J. Duncomb is hereby affirmed as Chief Financial Officer and authorized signatory of the following wholly owned subsidiaries of the Company:

   Dolan Media Holding Company
   Finance and Commerce, Inc.
   Counsel Press, LLC
   Dolan APC LLC
   Legislative Information Services of America, LLC

**RESOLVED**, that Renee L. Jackson is hereby appointed General Counsel and authorized signatory of the following subsidiaries of the Company:

   Dolan Media Holding Company
   Daily Reporter Publishing Company
   Finance and Commerce, Inc.
   Dolan Publishing Company
   Daily Journal of Commerce, Inc.
   Counsel Press, LLC
   Dolan APC LLC
   Legislative Information Services of America, LLC
   discoverReady, LLC
   Dolan DLN LLC

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein; and

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

KE 30074084

The undersigned hereby certify as follows:

1. I am a duly qualified and appointed officer of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto is a true, complete, and correct copy of the resolutions duly adopted by the Board of Directors of the Company in accordance with the Company's bylaws.

3. Such resolutions have not been amended, altered, annulled, rescinded, or revoked and are in full force and effect as of the date hereof. There exists no other subsequent resolution of the Board of Directors of the Company relating to the matters set forth in the resolutions attached hereto.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the 21st day of March, 2014

By: _____
Name: Vicki J. Duncomb
Title: Vice President, Chief Financial Officer, and Corporate Secretary


By: _____
Name: Kevin Nystrom
Title: Chief Restructuring Officer

KE 30074084

The undersigned hereby certify as follows:

1. I am a duly qualified and appointed officer of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto is a true, complete, and correct copy of the resolutions duly adopted by the Board of Directors of the Company in accordance with the Company's bylaws.

3. Such resolutions have not been amended, altered, annulled, rescinded, or revoked and are in full force and effect as of the date hereof. There exists no other subsequent resolution of the Board of Directors of the Company relating to the matters set forth in the resolutions attached hereto.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the 21st day of March, 2014

By: _____
Name: Vicki J. Duncomb
Title: Vice President, Chief Financial Officer, and Corporate Secretary

By: _____
Name: Kevin Nystrom
Title: Chief Restructuring Officer